UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EXFF SpA f/k/a Exportadora
Farmer's Friend SpA f/k/a
Exportadora Farmer's Friend S.A.,

       Plaintiff,

v.                                       Case No.  8:20-cv-733-T-24 JSS

WISH FARMS, INC.,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 7). Plaintiff opposes the motion.  (Doc. No. 12).  As explained below, the motion is granted in part, and the Court grants Plaintiff leave to file an amended complaint.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above

the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff, a Chilean company, produces and exports perishable agricultural products. Beginning in 2010, Plaintiff entered into a series of annual agreements appointing Defendant as its agent to market and sell Plaintiff's organic and conventionally grown blueberries. The parties agreed that Defendant would be compensated by receiving a 10% commission of the sales proceeds. The parties' dispute involves the parties' agreement for Defendant to market and sell Plaintiff's blueberries during the 2017-2018 season.

Specifically, Plaintiff alleges that in December 2017, Defendant informed Plaintiff by phone that it was short on blueberries and requested that Plaintiff immediately ship Defendant blueberries by air in return for a premium of $10 per case. Plaintiff contends that it shipped Defendant the requested blueberries and was owed an additional $114,402 due to the air shipment premium. Defendant paid Plaintiff $48,576 of the air shipment premium, but Defendant failed to pay the remaining balance of $65,826.

Additionally, Plaintiff contends that between January 22, 2018 and February 28, 2018, Plaintiff supplied Defendant with 138,430 kg of organic blueberries. However, Plaintiff contends that Defendant marketed and sold 94,252 kg of those organic blueberries as conventional blueberries, which resulted in a loss to Plaintiff of $364,183.

As a result of the above, Plaintiff asserts six claims against Defendant: (1) breach of contract due to Defendant's marketing and selling of Plaintiff's organic blueberries as

conventional blueberries; (2) breach of contract due to Defendant failing to pay the balance due of $65,826 for the air shipment premium; (3) violation of the Perishable Agricultural Commodities Act ("PACA") by Defendant failing to perform a duty, express or implied, by marketing and selling Plaintiff's organic blueberries as conventional blueberries; (4) violation of PACA by Defendant failing to sell Plaintiff's organic blueberries in a fair and reasonable manner by marketing and selling them as conventional blueberries; (5) violation of PACA by failing to promptly pay Plaintiff the amount Plaintiff would be owed had Defendant not sold Plaintiff's organic blueberries as conventional blueberries; and (6) unjust enrichment.

### III.  Motion to Dismiss

Defendant moves to dismiss Plaintiff's claims, arguing: (1) it did not have a contractual obligation to market and sell Plaintiff's organic blueberries as organic, rather than conventional, blueberries; (2) the unjust enrichment claim fails due to the inconsistent allegation within the claim that an express contract existed; and (3) Plaintiff lacks standing to pursue the claims.[1] Accordingly, the Court will address each argument.

#### A. Defendant's Contractual Obligations

Defendant argues that the breach of contract and PACA claims relating to Defendant's marketing and selling of Plaintiff's organic blueberries as conventional must be dismissed, because Defendant did not have a contractual obligation to market and sell Plaintiff's organic blueberries as organic. Defendant, however, is raising a factual dispute, as Plaintiff alleges that Defendant was obligated to market and sell Plaintiff's organic blueberries as organic, rather than

---

[1] The Court rejects without further discussion that Plaintiff's complaint should be dismissed as a shotgun pleading.

conventional, blueberries. (Doc. No. 1, ¶ 26, 44). As the Court must construe the complaint in the light most favorable to Plaintiff, the Court denies Defendant's motion on this issue.

### B.  Unjust Enrichment

Next, Defendant argues that the unjust enrichment claim must be dismissed, because Plaintiff incorporates by reference into this claim prior allegations that an express contract existed. Plaintiff argues that it is asserting the unjust enrichment claim in the alternative to its other claims based on an express contract. However, Plaintiff acknowledges that it has included within this claim the inconsistent allegation that an express contract existed between the parties. Plaintiff asks the Court for leave to amend in order to remove the inconsistent allegations from this claim. Accordingly, the Court dismisses this claim without prejudice and grants Plaintiff leave to amend.

### C.  Plaintiff's Standing

Next, Defendant moves for dismissal of this complaint, arguing that Plaintiff lacks standing because EXFF SpA was not a party to the agreement being sued upon. Instead, Defendant contends that Exportadora Farmer's Friend S.A. was the party to the agreement and the only proper plaintiff to bring these claims.

Plaintiff responds that it has changed its name two times—from Exportadora Farmer's Friend S.A. (its name at the time of the parties' agreement) to Exportadora Farmer's Friend SpA on December 12, 2017 to EXFF SpA on August 27, 2018. Plaintiff offers to supply the Court with translated copies of its corporate documents and evidence showing that its tax ID number has remained unchanged despite the name changes.

The Court denies without prejudice Defendant's standing argument. Plaintiff is directed to include an explanation regarding its name changes in the amended complaint. If Defendant is

not satisfied with Plaintiff's explanation, it may move to dismiss for lack of standing again, at which point Plaintiff's response should include translated copies of its corporate documents and evidence showing that its tax ID number has remained unchanged despite its name changes.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED** to the extent that the Court dismisses Plaintiff's unjust enrichment claim without prejudice.

(2) Plaintiff is granted leave to amend its complaint by *June 15, 2020* to remove references to an express contract within its unjust enrichment claim and to include additional allegations regarding its name changes.

DONE AND ORDERED at Tampa, Florida, this 2nd day of June, 2020.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record